IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 3, 2026

**STATE OF TENNESSEE v. JOHN VALENTINE**

**Appeal from the Criminal Court for Shelby County**
**No. 11-02890        Carolyn W. Blackett, Judge**

_____

**No. W2025-01411-CCA-R3-CD**
_____

Movant, John Valentine, appeals the summary dismissal of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. On appeal, he argues that the indictment was defective and that his double jeopardy rights were violated. After our review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and KYLE A. HIXSON, JJ., joined.

John Valentine, Tiptonville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Senior Assistant Attorney General; Joshua R. Gilbert, Legal Assistant; Steven J. Mulroy, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 2013, a Shelby County jury convicted Movant of rape of a child and aggravated sexual battery. The trial court sentenced Movant to an effective sentence of thirty-three years. This court affirmed Movant's convictions. *State v. Valentine,* No. W2013-01002-CCA-R3-CD, 2014 WL 4792801, at *1 (Tenn. Crim. App. Sept. 25, 2014), *perm. app. denied* (Tenn. Jan. 20, 2015). Movant unsuccessfully sought post-conviction relief. *Valentine v. State*, No. W2017-00161-CCA-R3-PC, 2018 WL 360021, at *1 (Tenn. Crim. App. Jan. 10, 2018).

On May 15, 2025, Movant filed a motion, pursuant to Tennessee Rule of Criminal Procedure 36.1 (Rule 36.1 motion), seeking to correct an illegal sentence. The Rule 36.1 motion claimed that the evidence at trial was insufficient to support the convictions for rape of a child and aggravated sexual battery. The Rule 36.1 motion did not allege that Movant's sentences are illegal. The trial court dismissed the motion for failure to state a colorable claim. Movant appealed.

**Analysis**

On appeal, Movant presents three issues. He claims that: (1) the "indictment [wa]s defective"; (2) he was "denied his protected right against double jeopardy"; and (3) "the indictment failed to protect him from double jeopardy." The State responds that any claim that Movant's sentences are illegal is waived. Alternatively, the State argues that the trial court properly dismissed the Rule 36.1 motion for failure to state a colorable claim. The State further contends that any claim concerning Movant's sentence raised on appeal is waived because Movant did not raise the claim in the trial court. We agree with the State.

Tennessee Rule of Criminal Procedure 36.1 allows a defendant or the State to seek correction of an illegal sentence. As provided in Rule 36.1, an illegal sentence is "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2); *see State v. Wooden*, 478 S.W.3d 585, 594 (Tenn. 2015). "[A] Rule 36.1 motion must include factual allegations concerning the basis of the illegal sentence claim in order to state a colorable claim for relief." *Id.* at 593. Whether a Rule 36.1 motion states a colorable claim for correction of an illegal sentence is a question of law, which we review de novo. *Id.* at 589. A colorable claim is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Id.*

The purpose of Rule 36.1 "is to provide an avenue for correcting allegedly illegal sentences." *State v. Wilson*, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622, at *2 (Tenn. Crim. App. Mar. 31, 2014) (citations omitted), *perm. app. denied* (Tenn. Nov. 19, 2014). "The Rule does *not* provide an avenue for seeking the reversal of *convictions*." *Id.* (emphases in original); *see State v. Gayden,* No. W2024-00865-CCA-R3-CD, 2025 WL 1331615, at *2 (Tenn. Crim. App. May 7, 2025), *perm. app. denied* (Tenn. Sept. 11, 2025). "If the [trial] court determines that the motion fails to state a colorable claim, it shall enter an order summarily denying the motion." Tenn. R. Crim. P. 36.1(b)(2).

Sentencing errors fall into three categories—clerical errors, appealable errors, and fatal errors. *Wooden*, 478 S.W.3d at 595. Clerical errors arise from a clerical mistake in the judgment sheet and may be corrected at any time under Tennessee Rule of Criminal Procedure 36. *Id.* Appealable errors are those for which there is a right of direct appeal

pursuant to our Sentencing Act. *Id.* Fatal errors are errors "so profound as to render the sentence illegal and void." *Id*. Only a fatal error renders a sentence illegal, and only illegal sentences may be corrected under Rule 36.1. *See id.*

Movant's claims concerning his indictment and double jeopardy, even when "taken as true and viewed in the light most favorable" to the Movant, would not constitute fatal errors rendering the sentences illegal. If the errors claimed by Movant were in fact errors, they would have been appealable errors. Rule 36.1 provides no avenue for seeking relief from appealable errors, and this court "has repeatedly held that double jeopardy claims are not cognizable in a Rule 36.1 proceeding." *State v. Cage*, No. M2020-00360-CCA-R3-CD, 2021 WL 3163086, at *2 (Tenn. Crim. App. July 27, 2021), *perm. app. denied* (Tenn. Oct. 13, 2021).

To the extent that Movant argues in his brief that his sentence is illegal, that issue is waived because it was not raised in his Rule 36.1 motion. An issue raised for the first time on appeal is waived. Tenn. R. App. P. 36(a); *State v. Hardison*, 680 S.W.3d 282, 310 (Tenn. Crim. App. 2023).

Waiver notwithstanding, Movant's sentences were authorized by the applicable statutes. The jury found Movant guilty of rape of a child and aggravated sexual battery. The victim was a first-grade student. *Valentine*, 2014 WL 4792801, at *1. The trial court sentenced him to twenty-five years for rape of a child and eight years for aggravated sexual battery to be served consecutively for an effective term of thirty-three years. *Id*. at *4.

Rape of a child, if the victim is more than three years of age but less than thirteen years of age, was a Class A felony at the time of the offense. Tenn. Code Ann. § 39-13-522(b)(1) (2010). Aggravated sexual battery, if the victim was less than thirteen years of age, was a Class B felony at the time of the offense. Tenn. Code Ann. § 39-13-504(b) (2010).

At the time of the offenses and at the time of sentencing, the sentencing range for a Range I standard offender convicted of a Class A felony was not less than fifteen nor more than twenty-five years, Tenn. Code Ann. § 40-35-112(a)(1) (2010), and the sentencing range for a Range I standard offender convicted of a Class B felony was not less than eight nor more than twelve years. Tenn. Code Ann. § 40-35-112(a)(2) (2010). Movant's sentences were authorized by the applicable statutes. Accordingly, the sentences are not illegal.

**Conclusion**

We affirm the trial court's summary dismissal of the Rule 36.1 motion for failure to state a colorable claim.


_s/Robert L. Holloway, Jr._
ROBERT L. HOLLOWAY, JR., JUDGE